**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SOLON PHILLIPS,
　　　　Plaintiff,
　　　　v.
MONTANA COMMISSION ON CHARACTER
& FITNESS, *et al*,
　　　　Defendants.

Civil Action No. 20-1982 (CKK)

**MEMORANDUM OPINION**
(April 30, 2021)

In May 2019, Mr. Solon Phillips ("Plaintiff") was denied admission to the State Bar of

Montana. In response, Plaintiff filed this *pro se* civil action against the Montana Supreme Court's

Commission on Character and Fitness (the "Commission") and Ms. Annie Goodwin, the

Commission's Chair ("Ms. Goodwin") (collectively, "Defendants") for alleged acts of

discrimination arising from Plaintiff's denied bar application.

Plaintiff filed his complaint on July 21, 2020, and after Defendants did not respond or

otherwise plead, the Clerk of the Court entered default against Defendants. *See* Entry of Default,

ECF No. 7, at 1. Now pending before the Court are Defendants' [11] Motion to Set Aside Default

and [12] Motion to Dismiss Under Rule 12(b), as well as Plaintiff's miscellaneous [15] Motion to

Condition Setting Aside Default. Upon consideration of the briefing, the relevant authorities, and

the record as a whole,[1] the Court finds good cause to set aside the Clerk's entry of default and

---

[1] The Court's consideration has focused on the following briefing and material submitted by the parties:
- Compl., ECF No. 1;
- Defs.' Brief in Supp. of Mot. to Set Aside Default Under Rule 55 ("Defs.' Default Mot."), ECF No. 11-1;
- Defs.' Brief in Supp. of Mot. to Dismiss Under Rule 12(b) ("Defs.' Mot."), ECF No. 12-1;
- Pl.'s Mot. to Condition Setting Aside Default ("Pl.'s Mot. to Condition"), ECF No. 15,
- Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 17;
- Defs.' Resp. to Pl.'s Mot. to Condition & Reply in Supp. of Defs.' Default Mot., ECF No. 18;
- Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 20; and,
- Pl.'s Sur-Reply to Defs.' Mot. to Dismiss, ECF No. 22.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of
assistance in rendering a decision. *See* LCvR 7(f).

further concludes that it lacks personal jurisdiction over both Defendants.  Accordingly, the Court will **GRANT** Defendants' [11] [12] Motions, setting aside the Clerk's entry of default and dismissing Plaintiff's complaint.  In turn, the Court will **DENY** Plaintiff's miscellaneous [15] Motion to Condition Setting Aside Default.

## I.    BACKGROUND

Mr. Solon Phillips is an attorney who graduated law school in 2008.  *See* Compl. ¶ 21.  He is currently admitted to practice law in the District of Columbia, Alabama, and Washington.  *See id.* ¶¶ 15–17.  In 2018, Plaintiff passed the Uniform Bar Examination and decided to apply for admission to the State Bar of Montana.  *See id.* ¶¶ 22–23.  Plaintiff submitted his application to the Montana Bar using his Maryland address and driver's license.  *See* O'Connor Aff., ECF No. 18-5, ¶ 10.  Upon review, the Montana Bar identified "several issues" with Plaintiff's application, Lynch Aff., ECF No. 11-4, ¶ 11, and, consequently, requested that Plaintiff provide a list of all jurisdictions in which he had previously applied for admission to the bar, Compl. ¶ 24.  In November 2018, Plaintiff provided the Montana Bar with updated information regarding his admission to the bars of other jurisdictions.  *See id.* ¶ 26.  The Montana Bar ultimately referred Plaintiff's application to the Commission "for a character and fitness investigation."  Lynch Aff., ECF No. 11-4, ¶ 11.  A Commission subcommittee then reviewed Plaintiff's application materials and "concluded that [he] should be denied certification in part based on the decision of the Maryland Court of Appeals denying him admission in Maryland and in part because he had failed to provide a comprehensive list of jurisdictions to which he had applied to become a member of the bar."  Goodwin Aff., ECF No. 11-7, ¶ 38.

In May 2019, a Bar Admissions Administrator from the Montana Bar sent Plaintiff a letter, addressed to his residence in Bowie, Maryland, informing Plaintiff that his application for

admission to the Montana Bar had been denied on character and fitness grounds.  *See* May 15, 2019 Letter, ECF No. 11-5, at 1–2.  The letter explained to Plaintiff that he had "failed to . . . provid[e] a comprehensive list of jurisdictions where he had applied to take the bar exam," and had not adequately disclosed "his denial into the Maryland Bar."  Compl. ¶ 28.  In response, Plaintiff requested an administrative hearing before the Commission to challenge its character and fitness finding and its decision to deny Plaintiff admission to the Montana Bar.  *See* Lynch Aff., ECF No. 11-4, ¶ 13.  Thereafter, the Commission scheduled an "adversarial" hearing to consider Plaintiff's challenge.  *See* Compl. ¶¶ 63–82, 88.  At Plaintiff's request, however, the administrative proceeding before the Commission has been stayed.  *See* Lynch Aff., ECF No. 11-4, ¶ 14.

On July 21, 2020, Plaintiff filed a civil action before this Court, challenging the denial of his application to the Montana Bar and the conditions of his forthcoming "adversarial hearing" before the Commission.  *See* Compl. ¶¶ 83–134.  In his complaint, Plaintiff asserts five civil rights-based claims against the Commission and its Chairwoman, Ms. Annie Goodwin.  *See id.*  The Commission is a body of volunteers appointed by the Montana Supreme Court, charged with evaluating the character and fitness of applicants to the Montana Bar and administering *pro hac vice* appearances.  *See* Goodwin Aff., ECF No. 11-7, ¶¶ 2–5.  The Commission is located in Montana and does not carry out any work in the District of Columbia.  *Id.* ¶ 33.  Ms. Goodwin, herself, is the Chair of the Commission.  *See id.* ¶ 1.  Ms. Goodwin resides in Helena, Montana, where she practices law.  *See id.* ¶ 19.  Ms. Goodwin is not a member of the District of Columbia Bar, she owns no property in the District of Columbia, and she does not carry out any business activity in the District of Columbia.  *See id.* ¶¶ 25, 27–30.  Ms. Goodwin's most recent contact with the District of Columbia occurred in 2016, when she traveled to the District of Columbia for a four-day conference.  *See id.* ¶ 32.  Nonetheless, Plaintiff elected to file the present action against

the Commission and Ms. Goodwin in the District of Columbia, asserting that this "court possesses an independent basis for jurisdiction."  Compl. ¶ 4.

By October 2020, the Commission and Ms. Goodwin had not responded to Plaintiff's complaint, and on October 8, 2020, the Clerk of the Court entered default against them.  *See* Entry of Default, ECF No. 7, at 1.  In response, Defendants filed a motion on October 26, 2020 requesting that this Court set aside the Clerk's entry of default, pursuant to Federal Rule of Civil Procedure 55(c).  *See* Defs.' Default Mot. at 1.  Simultaneously, Defendants moved for the dismissal of Plaintiff's complaint under Federal of Civil Procedure 12(b), including for lack of personal jurisdiction.  *See* Defs.' Mot. at 1, 16–22.  In turn, Plaintiff filed a miscellaneous "Motion to Condition Setting Aside Default," which requests that the Court "condition the setting aside of default on Defendants willfully consenting to be sued in this Court."  Pl.'s Mot. to Condition at 10.  The parties have fully briefed each of these motions, and these motions are now ripe for the Court's review.

## II.   LEGAL STANDARD

### A.  Rule 55(c)

A court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  "In determining whether or not to set aside a default, a court must consider: (1) the willfulness of the respondent's default, if any; (2) whether there is any prejudice to the petitioner; and (3) the merit of respondent's alleged defenses."  *Enka Insaat Ve Sanayi A.S. v. Gabonese Republic*, 406 F. Supp. 3d 84, 87 (D.D.C. 2019) (citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373

(D.C. Cir. 1980)). "On a motion for relief from the entry of default . . . all doubts are resolved in favor of the party seeking relief." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).

## B. Rule 12(b)(2)

"A plaintiff bears the burden of establishing a court's personal jurisdiction over a defendant who moves to dismiss the claims against him under Rule 12(b)(2)." *West v. Holder*, 60 F. Supp. 3d 190, 193 (D.D.C. 2014), *aff'd sub nom. West v. Lynch*, 845 F.3d 1228 (D.C. Cir. 2017) (citing *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)). To satisfy this burden, "a plaintiff must allege specific acts connecting the defendant with the forum." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotations marks and citations omitted). "Conclusory statements" and "bare allegations" will not suffice. *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378–79 (D.C. Cir. 1988). "Unlike with a motion to dismiss under Rule 12(b)(6), the Court 'may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.'" *Doe v. United States*, 797 F. Supp. 2d 78, 81 (D.D.C. 2011) (quoting *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)). "In determining whether [a basis for personal jurisdiction] exists, factual discrepancies appearing in the record must be resolved in favor of the plaintiff." *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). Courts also have an obligation to construe a *pro se* plaintiff's pleadings liberally and consider his filings as a whole, before dismissing his claims. *See Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014).

## III.   DISCUSSION

For the reasons set forth herein, the Court will **GRANT** Defendants' motion to set aside the Clerk's entry of default, pursuant to Rule 55(c), and **DENY** Plaintiff's miscellaneous "Motion to Condition Setting Aside Default." Furthermore, the Court finds that it lacks personal

jurisdiction over both Defendants.  As such, the Court will **GRANT** Defendants' Motion under Rule 12(b)(2) and **DISMISS** Plaintiff's complaint in its entirety.

## A.  Entry of Default

Defendants have filed a motion to set aside the Clerk's October 8, 2020 entry of default. *See* Entry of Default, ECF No. 7, at 1.  Under Rule 55(c), courts consider three factors when determining whether to set aside an entry of default: (1) the willfulness of the default, (2) the prejudice to the plaintiff, and (3) the availability of a meritorious defense. *Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011).  As set forth below, the Court finds that Defendants have presented compelling arguments under each factor and have, therefore, established "good cause" for the Court to set aside the entry of default against them.  Fed. R. Civ. P. 55(c).

*First*, Defendants persuasively argue that their default was not willful, because Plaintiff did not properly effectuate service of process upon them. *See* Defs.' Default Mot. at 18; Fed. R. Civ. P. 4.  In particular, Defendants demonstrate that Plaintiff did not serve either Ms. Goodwin or the Commission, as required by Federal Rule of Civil Procedure 4, but instead incorrectly served his complaint upon the State Bar of Montana, *see* Goodwin Aff., ECF No. 11-7, ¶¶ 44–46; Lynch Aff., ECF No. 11-4, ¶¶ 15–21; Pl.'s Cert. of Service, ECF No. 4, at 1, an entity which is not authorized to accept service on behalf of either Defendant, *see* Fed R. Civ. P. 4(e), (j); Mont. R. Civ. P. 4(l) (setting forth requirements for service upon the state).  This service defect alone militates directly against a finding that Defendants failure to respond was willful. *See Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011) (setting aside default where service was defective).  Furthermore, the Court notes that Defendants promptly retained counsel on the same day this Court ordered Plaintiff to prosecute his case or risk dismissal. *See* Defs.' Default Mot. at 23.  Defendants' counsel then quickly filed an appearance on October 8, 2020, and Defendants subsequently moved to both

set aside default and to dismiss Plaintiff's complaint shortly thereafter.  Such litigation conduct does not evince a willful disregard for the present action before the Court.

*Second*, the Court does not find that setting aside the Clerk's entry of default will effectuate prejudice upon Plaintiff.  "[I]n evaluating the prejudice to a plaintiff in setting aside a default, a court should consider not the mere fact of delay but rather any effects the delay may have on the plaintiff, such as the loss of evidence or increased difficulties in obtaining discovery."  *Serv. Emps. Int'l Union Nat'l IndustryPension Fund v. Bristol Manor Healthcare Ctr., Inc.*, 307 F.R.D. 37, 42 (D.D.C. 2014).  Here, the minor delay in Defendants' response to Plaintiff's complaint has not caused any appreciable threat to the collection of evidence or discovery in this case, particularly considering Defendants' dispositive jurisdictional defense to Plaintiff's claims, discussed below. Consequently, the Court finds that setting aside the entry of default against Defendants will not itself cause prejudice to Plaintiff.

*Finally*, as referenced above, Defendants have asserted meritorious defenses to Plaintiff's complaint.  For the purposes of setting aside an entry of default, "the movant is not required to prove a defense, but only to assert a defense that it may prove at trial."  *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995).  Here, Defendants have asserted both merits-based and jurisdictional defenses which could each be plausibly proven at trial, *see* Defs.' Default Mot. at 5 (setting out litigation defenses), including a personal jurisdiction defense which, as explained herein, compels the dismissal of this action, *see* disc. *infra* at § III.B.

For the reasons set forth above, the Court finds "good cause" to set aside the Clerk's entry of default against Defendants.  Fed. R. Civ. P. 55(c).  Furthermore, the Court will also refuse Plaintiff's request in his "Motion to Condition Setting Aside Default" that the Court "exercise its discretion and base the setting aside of the default on Defendants voluntarily consenting to be sued

7

in this Court." Pl.'s Mot. to Condition at 9. Plaintiff provides no authority supporting this request to condition the vacatur of default on Defendants' consent to suit in this jurisdiction, and the Court finds no reason to set such a condition. As described above, Defendants have demonstrated "good cause" under the applicable Rule 55(c) standard, which is independently sufficient to justify the vacatur of default. In addition, Defendants may simultaneously assert jurisdictional defenses to Plaintiff's complaint, as they have done here. Accordingly, the Court will **DENY** Plaintiff's request for relief in his miscellaneous "Motion to Condition Setting Aside Default."

## B. Personal Jurisdiction

Next, the Court will address Defendants' motion under Rule 12(b)(2) to dismiss Plaintiff's complaint for lack of personal jurisdiction. *See* Defs.' Mot. at 17–22.[2] "The Supreme Court has developed two distinct analyses" authorizing the "exercise [of] contact-based personal jurisdiction over a defendant:" general jurisdiction and specific jurisdiction. *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021); *see also Bristol-Myers Squibb Co. v. Super. Court of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). State law and the limits of Constitutional Due Process circumscribe the contours of both general and specific jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In this case, Plaintiff has not established either general or specific jurisdiction over Defendants.

---

[2] In addition to their personal jurisdiction defense, Defendants raise additional grounds for dismissal, including for lack of subject matter jurisdiction. *See* Pl.'s Mot. at 2–3. Nonetheless, "[a] complaint may be dismissed for lack of personal jurisdiction without settling whether subject-matter jurisdiction exists." *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007). "Personal jurisdiction, too, is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks and citation omitted).

### 1.  General Jurisdiction

To begin, the Court considers whether it possesses general jurisdiction over either Defendant.  "General jurisdiction, 'permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit.'"  *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56 (D.C. Cir. 2017).  The exercise of general jurisdiction over a defendant requires a demonstration that the defendant maintains "continuous and systematic" contacts within the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  In the District of Columbia, two "statutes provide for general jurisdiction."  *Erwin-Simpson*, 985 F.3d at 889.  Under D.C. Code § 13-422, an exercise of personal jurisdiction is permissible "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in the District of Columbia."  Another statute, D.C. Code § 13-334(a), more narrowly provides for general jurisdiction over "foreign" corporations, served within the District of Columbia and "doing business in the District."  *See Erwin-Simpson*, 985 F.3d at 889.

Plaintiff has not established that this Court has general jurisdiction over either Defendant.  Plaintiff's complaint contains no allegations at all about the forum-connections Defendants maintain with the District of Columbia, instead presenting only a conclusory allegation that this "court possesses an independent basis for jurisdiction."  Compl. ¶ 4.  And even construing Plaintiff's *pro se* pleadings liberally, his opposition brief provides no additional facts to demonstrate that either Defendant is domiciled in or maintains a principal place of business in the District of Columbia, *see* D.C. Code § 13-422, or that either is a "foreign corporation" served and "doing business" in the District, *see* D.C. Code § 13-334(a).  Moreover, Defendants have proffered countervailing facts that directly undermine such propositions.  For example, Defendants explain that the Commission is part of the Supreme Court of Montana, located in the state of Montana, and

does not carry out "any work in the District of Columbia." Goodwin Aff., ECF No. 11-7, ¶¶ 1, 33. Similarly, Ms. Goodwin resides in Helena, Montana, where she practices law. *See id.* ¶ 19. Ms. Goodwin is not a member of the District of Columbia Bar, she owns no property in the District of Columbia, and she does not carry out any business activity in the District of Columbia. *See id.* ¶¶ 25, 27–30. Given these uncontroverted jurisdictional facts, the Court finds no basis for the exercise of general jurisdiction over either Defendant in the District of Columbia.

### 2. Specific Jurisdiction

Next, the Court considers whether specific jurisdiction exists over either Defendant in this case. "[S]pecific jurisdiction depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021) (quotation omitted). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "With respect to specific jurisdiction, the Court 'must engage in a two-part inquiry: first examine whether jurisdiction is applicable under the [state's] long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process.'" *Trump v. Comm. on Ways & Means, United States House of Representatives*, 415 F. Supp. 3d 98, 105 (D.D.C. 2019) (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)).

Plaintiff has not satisfied either component of the specific jurisdiction analysis. In total, Plaintiff presents the following assertions, which arguably support an exercise of specific jurisdiction over Defendants: (1) "Montana allows . . . transfer applicants residing in the District

[of Columbia] and seeking admission to submit an application from the District of Columbia for the purpose of being admitted in the Montana State Bar," (2) Plaintiff himself "applied to Montana's Bar while in the District, sat for the 8-hour Montana Law Seminar while in the District, and executed the majority of the application at issue while in the District of Columbia," and (3) "Defendants avail themselves to residents within the District by soliciting and accepting applications from D.C. residents."  Pl.'s Opp'n at 8.

First, these conclusory assertions, unsupported by documentary evidence or affidavits, do not demonstrate that specific jurisdiction is proper under any of the enumerated sections of the District of Columbia's long-arm statute.  *See* D.C. Code § 13-423(a)(1)–(7).  This is particularly the case given Defendants' uncontroverted factual assertions that neither the Commission nor Ms. Goodwin transact any business within the District of Columbia.  *See* Goodwin Aff., ECF No. 11-7, ¶¶ 28–29, 33.  Furthermore, Plaintiff's jurisdictional allegations regarding Montana's bar admissions activity ostensibly pertain to the State Bar of Montana, rather than to the Commission or Ms. Goodwin themselves—the named defendants in this case.  *See* Pl.'s Opp'n at 8.  Finally, the Court observes that the Commission is part of the Supreme Court of Montana, *see* Goodwin Aff., ECF No. 11-7, ¶ 1, and is, therefore, part of the state, *see Phillips v. Comm'n on Character & Fitness*, No. CV 20-41-M-DLC-KLD, 2020 WL 4003368, at *1 (D. Mont. June 9, 2020) ("The Commission on Character and Fitness is an arm of the Montana Supreme Court.").  Similarly, a lawsuit against Ms. Goodwin in her official capacity as Chair of the Commission also represents a suit against the state.  *Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 123 (D.D.C. 2016), *aff'd sub nom. Kwok Sze v. Kelly*, No. 16-5090, 2017 WL 2332592 (D.C. Cir. Feb. 21, 2017).  The District of Columbia's long-arm statute, however, applies only to "persons," and not to "state" entities like Defendants.  D.C. Code § 13–421; *see also Kwok Sze*, 172 F. Supp. 3d at 123.  For these reasons,

the Court concludes that the District of Columbia's long-arm statute, D.C. Code § 13-423(a), does not support the exercise of specific jurisdiction over either Defendant.

Finally, the Court finds that an exercise of specific jurisdiction over Defendants would also fall outside "the permissible bounds of the Due Process Clause." *GTE New Media*, 199 F.3d at 1347. Due Process requires that a defendant possess "certain minimum contacts with [the jurisdiction] such that the maintenance of the suit [therein] does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The primary focus of [this] personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779. In the context of specific jurisdiction, courts consider whether a defendant has directed its conduct towards or into the forum state, *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), whether the plaintiff's claim arises from the defendant's forum-based conduct, *Helicopteros*, 466 U.S. at 414, and whether it would be "reasonable" to subject the defendant to suit in the forum state, *Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 113–114 (1987).

Exercising specific jurisdiction over Defendants in this action would not be reasonable, nor would it comport with the "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. Again, both the Commission and Ms. Goodwin are based exclusively in Montana, and neither "have contacts with the District [of Columbia]." Goodwin Aff., ECF No. 11-7, ¶¶ 1, 33. Moreover, undisputed facts in the record reflect that Ms. Goodwin herself had no personal interaction with Plaintiff. *See id.* ¶¶ 34–35. At most, Plaintiff argues that he and others applied to the Montana Bar from the District of Columbia. *See* Pl.'s Opp'n at 7–8. But such third-party conduct does not show how *Defendants themselves* have directed acts towards the District of Columbia, which would render specific jurisdiction over them in this case reasonable. *See World-*

12

*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[I]t is that *the defendant's conduct and connection* with the forum State are such that he should reasonably anticipate being haled into court there.") (emphasis added).

Finally, Plaintiff presents a conclusory assertion that Defendants "solicited" bar applications from D.C. residents. Pl.'s Opp'n at 8. But there are two problems with this jurisdictional allegation. First, the record demonstrates that Plaintiff corresponded with employees of *the Montana State Bar*, not the Commission or Ms. Goodwin—the actual defendants in this case. *See* Goodwin Aff., ECF No 11-7, ¶ 35 ("In the course of my work with the Commission, I have not interacted with Mr. Phillips at all."); Lynch Aff., ECF No. 11-4, ¶ 11 (identifying communication between Plaintiff and employee of the State Bar of Montana). And second, even these Montana State Bar employees directed their correspondence with Plaintiff to his residence in *Maryland*, not the District of Columbia. *See* O'Connor Aff., ECF No. 18-5, ¶ 10; Lynch Aff., ECF No. 11-4, ¶ 11. In fact, Plaintiff provided a Maryland address and driver's license on his application to the Montana Bar. *See* O'Connor Aff., ECF No. 18-5, ¶ 10. For these reasons, the Court finds no forum-based conduct carried out by Defendants in the District of Columbia, which would support a reasonable exercise of specific jurisdiction over Defendants in this case.

**\*\*\*\***

In sum, the Court concludes that Plaintiff has not demonstrated that this Court may exercise either general or specific jurisdiction over Defendants. Plaintiff, therefore, has not met his burden of establishing the existence of personal jurisdiction over Defendants. *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021). As such, the Court will **GRANT** Defendants' Rule 12(b)(2) motion and dismiss Plaintiff's complaint for lack of personal jurisdiction.

## IV.    CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will **GRANT** Defendants'

[11] Motion to Set Aside Default and **DENY** Plaintiff's miscellaneous [15] Motion to Condition

Setting Aside Default.  The Court will also **GRANT** Defendants' [12] Motion to Dismiss, because

this Court lacks personal jurisdiction over both Defendants.

An appropriate Order will accompany this Memorandum Opinion.

**Date**: April 30, 2021

_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge
